Submitted on record May 9, proceeding dismissed August 9, 1977

In re: Complaint as to the Conduct of
JEFFREY STEFFEN, *Accused.*
(No. 1320, SC 24824)
567 P2d 544

Robert H. Bay and Michael J. Esler, Portland, filed a brief for the Oregon State Bar.

No appearance contra.

PER CURIAM.

## PER CURIAM.

The accused, a member of the Oregon State Bar, is charged with violation of ORS 9.480(1) and of Disciplinary Rule 1-102(A)(4) under Canon I of the Code of Professional Responsibility. ORS 9.480(1) provides:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"(1) He has committed an act or carried on a course of conduct of such nature that, if he were applying for admission to the bar, his application should be denied;
* * *

"* * * * *"

Canon I states: "A Lawyer Should Assist in Maintaining the Integrity and Competence of the Legal Profession." Disciplinary Rule 1-102(A)(4) thereunder provides: "A lawyer shall not: * * * (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

The facts are unusual for a disciplinary proceeding. The accused was stopped by a police officer for a routine traffic violation. A few weeks earlier, the accused's small child had thrown the contents of the accused's wallet into the fireplace, leaving him without the usual identification, including a driver's license. Having previously been employed as a deputy district attorney and still having in his possession his identification card from that office, which card contained his picture, he put the card in his wallet to use as possible identification in the event it was ever required. When the officer asked the accused for his driver's license, he was told about the loss of the license and of the other identification and was tendered the identification card depicting the accused as a deputy district attorney. When the officer asked whether the accused was presently employed by the District Attorney's office, the accused replied that he was.

It is the contention of the bar that the accused lied about his present employment to the police officer in

the hope of getting privileged treatment. There is no doubt that he lied to the officer, and it is a fair inference that the accused hoped to get privileged treatment; otherwise, he would have told the officer, after tendering his identification card and being asked about his current employment status, that he was no longer so employed.

■ The Trial Board, by a 2-1 vote, found the accused not guilty because his misrepresentation did not occur in his capacity as a lawyer. The Review Board reversed the Trial Board, found the accused guilty as charged, and recommended that he be publicly reprimanded. It was held by the dissenting member of the Trial Board, and concurred in by the Review Board, that the accused was guilty of violating ORS 162.365, which provides, in part:

> "Criminal impersonation. (1) A person commits the crime of criminal impersonation if with intent to obtain a benefit or to injure or defraud another he falsely impersonates a public servant and does an act in such assumed character.
> "* * * * * *."

Without going into detail, our research indicates that the accused was not guilty of a violation of the statute. The history of the act discloses that a necessary element of the crime is some sort of purported official action in the assumed character. Such action is lacking here since the accused did no more than to identify himself as a deputy district attorney.

■ It is also our opinion that the accused did not violate ORS 9.480(1) since such a single act, standing alone without more, is not sufficiently grievous to refuse admission to practice law to one who has completed four years of college and three years of law school and who has passed the bar.

■ We agree with the Review Board that it is not necessary that the act with which the accused is charged have been performed in his capacity as a lawyer for it to have violated the Disciplinary Rule.

[ 316 ]

Neither is it necessary, in order to be disciplined, that the conduct be as grievous as that which would bar him from being admitted to practice had he performed the action as a non-lawyer. Misrepresenting one's capacity as being that of a member of the bar engaged in the law enforcement process to an officer performing his official duties is not something expected of a lawyer. It is subtly different from the case of the ordinary motorist who tries to avoid a traffic citation by telling the officer that he, the motorist, is rushing to the hospital because his wife is having a baby. The degree of truthfulness expected from a lawyer is higher than that expected from others. However, in determining whether the accused's misconduct was sufficiently serious to require a formal reprimand, it is only fair to note that the misconduct did not take place while the accused was acting in his capacity as a lawyer, nor was it such that it could be the subject of any sanction, civil or criminal, if performed by a non-lawyer. It is the court's conclusion, taking into consideration what it thinks it knows of human reactions in similar circumstances, that the accused's conduct, while improper, does not rise to the dignity of requiring a formal reprimand by this court.

The proceeding is dismissed.